UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE ORTIZ,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION ("CDCR"), et al.,<br><br>  Defendants. | No. 2:13-cv-0617 KJN P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

1 payments of twenty percent of the preceding month's income credited to plaintiff's trust account.
2 These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
3 the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
4 § 1915(b)(2).

5       The court is required to screen complaints brought by prisoners seeking relief against a
6 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
8 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
11 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
12 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
13 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
14 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
15 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
16 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
17 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
18 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
19 1227.

20       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
21 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
23 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
24 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
25 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
26 sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.
27 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
28 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges that following spinal surgery on October 13, 2011, plaintiff returned to prison on October 15, 2011, and defendant Martinez subjected plaintiff to a strip search causing pain and injury to plaintiff's already existing back injury, and required plaintiff to be attended to by Dr. Senegor.  (ECF No. 1 at 11, 16.)  Plaintiff alleges that defendant Dr. Senegor's conduct violated plaintiff's rights, but does not explain how.  Plaintiff alleges that prison guard Miller (not named as a defendant), searched plaintiff in 3 Block and found him in possession of Morphine Sulfate.

Plaintiff alleges that defendant Dr. Smith took plaintiff's medication with the knowledge that plaintiff was in severe pain and needed his medication to function, and despite having prescribed Morphine Sulfate to plaintiff on numerous occasions.  (ECF No. 1 at 10-11.)  Plaintiff claims that Dr. Smith did not substitute plaintiff's pain medication or administer a withdrawal regimen after discontinuing the Morphine Sulfate prescription.  (ECF No. 1 at 17.)  Plaintiff also alleges that defendants Dr. Smith and Dr. Forester required plaintiff to sign a medication contract before plaintiff could receive any medication.  Plaintiff alleges defendants Dr. Bangi and Dr. Allen prescribed Morphine Sulfate for plaintiff, and claims this conduct violated plaintiff's constitutional rights, but does not explain how.  Plaintiff alleges that defendant Dr. Thomatoes stopped plaintiff's prescription for Morphine Sulfate, but did not[1] provide a replacement or alternative medication, despite the doctor's numerous prescriptions for this drug in the past.  (ECF No. 1 at 10.)

Plaintiff alleges defendant LVN Jared "induce[d] plaintiff to perform aggressive exercise forcing plaintiff to walk, although plaintiff persistently stated that [he] was in severe pain, and

---

[1] Later plaintiff states that defendant Dr. Smith "did administer a withdrawal regimen" (ECF No. 1 at 17), but this may be a typographical error.

1   upon stopping, plaintiff discovered blood coming from [his] surgical incision.  (ECF No. 1 at 14.)
2   Plaintiff claims defendant Jared's conduct caused plaintiff's condition to worsen, and contributed
3   to the need for plaintiff to return to San Joaquin General Hospital.  (ECF No. 1 at 14.)

4   　　　　Plaintiff also alleges that on September 7, 2010, defendant Miles, a registered nurse
5   ("RN"), claimed she witnessed plaintiff cheeking medication, and allegedly caused a false
6   document to be entered into a state record.  (ECF No. 1 at 8.)  Plaintiff also alleges defendant
7   Miles threatened to issue plaintiff a prison disciplinary in violation of plaintiff's due process
8   rights.  While not entirely clear, it appears plaintiff contends that defendant Miles intentionally
9   interfered with plaintiff's medication.  (ECF No. 1 at 8.)  Plaintiff alleges that defendant
10  Maldonaldo, a Licensed Vocational Nurse ("LVN"), falsely stated that LVN Maldonaldo caught
11  plaintiff with a pill in his cup, and such statement was filed in plaintiff's state records.  Plaintiff
12  does not state on what date defendant Maldonaldo made this statement, and plaintiff did not
13  provide copies of the documents allegedly authored by defendants Miles or Maldonaldo.

14  　　　　Plaintiff contends that defendant Dr. St. Clair, Chief Medical Officer, failed to perform his
15  duties in handling plaintiff's grievances in which plaintiff stated he was receiving inadequate and
16  harmful medical treatment, and had knowledge that plaintiff was required to sign a medication
17  contract or plaintiff would not be provided medication.  (ECF No. 1 at 8-9.)  Plaintiff asked
18  defendant Dr. St. Clair to remove documents that plaintiff alleged were false from plaintiff's
19  medical file.  (ECF No. 1 at 9.)

20  　　　　Finally, plaintiff alleges that Jeffery Beard, Secretary of the CDCR, is named as a
21  defendant because Beard has control of all records for the CDCR and could enforce the court's
22  order to remove false documents from plaintiff's medical file.  (ECF No. 1 at 6.)  Plaintiff also
23  names the CDCR as a defendant, claiming the CDCR refused to correct allegedly false records,
24  and allegedly made false statements concerning the CDCR's duty to correct records.  (ECF No. 1
25  at 17.)

26  　　　　Eighth Amendment Claims
27  　　　　The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does
28  not mandate comfortable prisons."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotation and

4

1    citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an
2    Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
3    civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
4    indifference in doing so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting
5    Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate
6    indifference standard involves an objective and a subjective prong.  First, the alleged deprivation
7    must be, in objective terms, "sufficiently serious. . . ."  Farmer, 511 U.S. at 834 (citing Wilson v.
8    Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know [ ] of and disregard[ ]
9    an excessive risk to inmate health or safety. . . ."  Id. at 837.

10        "Deliberate indifference is a high legal standard."  Toguchi, 391 F.3d at 1060.  "Under
11   this standard, the prison official must not only 'be aware of the facts from which the inference
12   could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
13   inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have
14   been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no
15   matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175,
16   1188 (9th Cir. 2002)).  Medical malpractice is insufficient to state a claim for relief.  Estelle v.
17   Gamble, 329 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in
18   diagnosing or treating a medical condition does not state a valid claim of medical mistreatment
19   under the Eighth Amendment.  Medical malpractice does not become a constitutional violation
20   merely because the victim is a prisoner.").  Similarly, a prisoner's disagreement with the course
21   of medical treatment is insufficient to demonstrate deliberate indifference.

22        The allegations concerning plaintiff's medical treatment are too vague and conclusory for
23   the court to determine whether plaintiff can state a cognizable civil rights claim.  Plaintiff failed
24   to allege facts demonstrating each defendant acted with a culpable state of mind.  Plaintiff did not
25   indicate what periods of time he went without his medication, and did not provide time frames  as
26   to each particular defendant's involvement with plaintiff's medication or its alleged deprivation.
27   Moreover, in a prison setting, the decision to discontinue a pain medication because of concerns
28   of abuse of such medication does not amount to deliberate indifference to serious medical needs.

See Atakpu v. Lawson, 2008 WL 5233467, *11 (S.D. Ohio, Dec.11, 2008) ("evidence submitted by plaintiff shows that the LeCI doctor ordered that the Ultram be discontinued on April 14, 2005 because of 'cheeking'"); Johnson v. Herman, 2006 WL 1408389, *3 (N.D. Ind., May 18, 2006) ("An inmate who will not take his medication when it is dispensed does not appear to need the medication. This is particularly true for pain medication. Even if he is in pain as a result, he appears willing to suffer that pain in exchange for whatever benefit he receives by not immediately taking the medication."); Shea v. Wheeler, 2001 WL 34376846, *6 (W.D. Wis., June 19, 2001) (holding that prison doctor's decision to discontinue inmate's prescription for misuse, even after inmate was found not guilty at a subsequent disciplinary hearing, did not constitute deliberate indifference); Jones v. Ehlert, 704 F. Supp. 885, 888-90 (E.D. Wis. 1989) (no deliberate indifference found where prisoner's Valium was discontinued after sergeant at correctional institution accused prisoner of palming off medication). Finally, it is unclear how requiring an inmate to sign a medication contract, presumably in an effort to get the inmate to comply with his medication regimen, could state a viable Eighth Amendment claim.

Because of the lack of factual allegations supporting plaintiff's medical claims, the court cannot determine whether plaintiff can amend the complaint to state a cognizable Eighth Amendment violation. Plaintiff is granted leave to file an amended complaint, but is cautioned that he must set forth plausible allegations that the particular defendant was acting out of deliberate indifference rather than conformity with prison rules.

Fourteenth Amendment Claims

Plaintiff fails to state a due process claim upon which relief can be granted.

While plaintiff claims defendants Miles and Maldonado violated due process by issuing "false statements," plaintiff must allege more in order to state a Fourteenth Amendment claim. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," so long as they are "not . . . deprived of a protected liberty interest without due process of law."). Here, plaintiff claims defendant Miles

"threatened"[2] to issue a prison disciplinary, but does not state RN Miles issued one. If plaintiff did not receive a rules violation, no right to a hearing was triggered. Moreover, plaintiff fails to connect these allegedly false statements to the incidents that occurred in 2011 following his spinal surgery. Because plaintiff's allegations concerning false statements fail to state a cognizable due process claim, plaintiff's claims against defendant Beard also fail.

In addition, plaintiff claims that defendant St. Clair is liable based on his role in the inmate grievance process. However, prisoners have no stand alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) (A plaintiff has no protected liberty interest in the vindication of his administrative claims.). Thus, plaintiff's due process claim against defendant Dr. St. Clair is unavailing. In addition, defendant Dr. St. Clair may not be held liable based solely on his position as Chief Medical Officer. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

////

---

[2] Verbal abuse and threats, without more, are not sufficient to state a constitutional deprivation under § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987) (allegations that correctional counselor told plaintiff that he would transfer him to a higher custody status unit if he tried to go to the law library and that he would be sorry if he filed a class action suit were not actionable under § 1983); Freeman v. Arpaio, 125 F.3d 732 (9th Cir. 1997) (abusive language directed at prisoner's religious and ethnic background not actionable).

In light of the above, plaintiff should not renew his due process claims in any amended complaint.

Eleventh Amendment

First, plaintiff names the CDCR as a defendant. The Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the CDCR are legally frivolous and should be omitted from any amended complaint.

Second, plaintiff names each defendant, with the exception of defendants CDCR and Beard, in their individual and official capacities. However, the Eleventh Amendment bars plaintiff's claims against the individual defendants in their official capacities. In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. The Supreme Court reasoned that a suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different from a suit against the State itself, which is barred by the Eleventh Amendment. See id.; see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.), cert. denied, 528 U.S. 816 (1999); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995). In addition, "the Eleventh Amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages." Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988).

Because defendants are prison employees connected with the CDCR, plaintiff's claims for monetary damages against these individual defendants named in their official capacities are barred. Thus, in any amended complaint, plaintiff should name individual defendants solely in

1  their individual capacities.

2  Amended Complaint

3  The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
4  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
5  court has determined that the complaint does not contain a short and plain statement as required
6  by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
7  complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones
8  v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least
9  some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.
10 Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
11 complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

12 Plaintiff is advised that in an amended complaint he must clearly identify each defendant
13 and the action that defendant took that violated his constitutional rights.  The charging allegations
14 must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is
15 presenting.

16 Any amended complaint must show the federal court has jurisdiction, the action is brought
17 in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must
18 contain a request for particular relief.  Plaintiff must identify as a defendant only persons who
19 personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
20 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation
21 of a constitutional right if he does an act, participates in another's act or omits to perform an act
22 he is legally required to do that causes the alleged deprivation).

23 In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
24 R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
25 R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
26 occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

27 The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d
28 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see <u>Crawford-El v. Britton</u>, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. <u>McHenry</u>, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S. Ct. at 1949 (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft</u>, 129 S. Ct. at 1949 (quoting <u>Bell Atlantic Corp.</u>, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility

and plausibility of entitlement to relief. Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. See id. at 741 n.6. California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3.  Plaintiff's complaint is dismissed.

    4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a.  The completed Notice of Amendment; and

        b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: September 4, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/orti0617.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE ORTIZ,<br><br>           Plaintiff,<br><br>      v.<br><br>CDCR, et al.,<br><br>           Defendants. | No. 2:13-cv-0617 KJN P<br><br><br>NOTICE OF AMENDMENT |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　　Amended Complaint

DATED:

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Plaintiff