UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE ORTIZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | No. 2:13-cv-0617 WBS KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983.

On October 21, 2013, the undersigned recommended that this action be dismissed based on plaintiff's failure to file an amended complaint as required by this court's September 4, 2013 order. Plaintiff timely filed objections, stating he did not receive a copy of the September 4, 2013 order.

Review of the court's docket reflects that an incorrect image was attached to the court's docket, but it does not appear that plaintiff was re-served with a copy of the September 4, 2013 order. Good cause appearing, the findings and recommendations are vacated, and plaintiff is granted an extension of time in which to comply with the September 4, 2013 order.

In addition, plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an

attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. The October 21, 2013 findings and recommendations (ECF No. 11) are vacated;

2. Plaintiff is granted thirty days from the date of this order in which to file an amended complaint that complies with the September 4, 2013 order;

3. The Clerk of the Court is directed to re-serve a copy of the September 4, 2013 orders (ECF Nos. 7 & 8) on plaintiff; and

4. Plaintiff's motion for the appointment of counsel (ECF No. 12) is denied without prejudice.

Dated:  November 8, 2013

/orti0617.31kjn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2