UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE ORTIZ, | No. 2:13-cv-0617 WBS KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
6  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
7  support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
8  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
9  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
10 this standard, the court must accept as true the allegations of the complaint in question, Hospital
11 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
12 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
13 McKeithen, 395 U.S. 411, 421 (1969).

14     The Civil Rights Act under which this action was filed provides as follows:

15 > Every person who, under color of [state law] . . . subjects, or causes
16 > to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the
17 > Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

18 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
19 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
20 Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983
21 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no
22 affirmative link between the incidents of police misconduct and the adoption of any plan or policy
23 demonstrating their authorization or approval of such misconduct). "A person 'subjects' another
24 to the deprivation of a constitutional right, within the meaning of § 1983, if he does an
25 affirmative act, participates in another's affirmative acts or omits to perform an act which he is
26 legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy,
27 588 F.2d 740, 743 (9th Cir. 1978).
28 ////

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Here, plaintiff's amended complaint is labeled both "Criminal Complaint," and "Civil Complaint."  (ECF No. 20 at 2.)  Indeed, plaintiff references several criminal statutes and alleges that defendants violated these criminal statutes.  When a criminal statute is violated, the question of whether to prosecute and what criminal charges to file or bring are decisions that generally rest in the discretion of the prosecutor, not the Court.  United States v. Batchelder, 442 U.S. 114, 124 (1979); see Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2d Cir. 1973) (prosecution of state officials for alleged violation of inmates' federal civil rights is for discretion of U.S. Attorney).  Criminal statutes generally do not provide a private cause of action or a basis for civil liability.  See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980) (18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit); Pawelek v. Paramount Studios Corp., 571 F.Supp. 1082, 1083 (N.D. Ill. 1983) (no private cause of action inherent in federal criminal statutes defining civil rights violations).  Plaintiff fails to state any cognizable state law claims based on defendants' alleged violation of California criminal statutes.  Accordingly, plaintiff's amended complaint must be dismissed with leave to amend.  Plaintiff should omit all reference to criminal statutes in any second amended complaint.

However, it appears that plaintiff may be able to state a cognizable Eighth Amendment claim against defendants Martinez and Martinez II.

////

It is well established that a prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the cruel and unusual punishment clause of the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828-29 (1994); Helling v. McKinney, 509 U.S. 25, 31-32 (1993); Wilson v. Seiter, 501 U.S. 294, 302 (1991); Estelle v. Gamble, 429 U.S. 97, 104 (1976). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. There are objective and subjective requirements which must be met to prevail on such an Eighth Amendment claim. First, for the objective requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, the prison official must have a sufficiently culpable state of mind. See id. Here the state of mind is one of deliberate indifference. See id. A prison official who knows of and disregards an excessive risk to an inmate's health or safety demonstrates deliberate indifference. See id. at 837. Thus, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id. However, an official who knows of a substantial risk to an inmate's health or safety but acts reasonably under the circumstances will not be held liable under the cruel and unusual punishment clause, even if the threatened harm results. See id. at 843.

Plaintiff alleges that defendants Martinez and Martinez II roughly handled him following surgery, and placed him in an automobile following serious spinal surgery, without benefit of seatbelt restraints,[1] and then proceeded to drive recklessly. Plaintiff alleges that defendants Martinez and Martinez II were aware that plaintiff had just had spinal surgery, yet deliberately subjected him to further injury by their actions and failure to properly restrain him and transport him following surgery. Liberally construed, such allegations appear to state a potentially cognizable Eighth Amendment claim. Plaintiff should renew such claims in his second amended complaint.

---

[1] Plaintiff's administrative appeal states that plaintiff was restrained by seatbelts: "They roughly put me in waist chain[s], then drove so fast & recklessly to SCC I bounced, slid, & swayed while seat[-]belted in back of car." (ECF No. 21 at 45.)

1       However, plaintiff fails to state a cognizable civil rights claim as to defendant O'Leary,
2 Health Care Appeals Coordinator. The appeals coordinator is not legally obligated to identify
3 personnel to assist plaintiff in litigating claims in federal court. If plaintiff needs assistance in
4 locating defendants Martinez and Martinez II for service of process, he may seek, through
5 discovery, a copy of the October 15, 2011 transport order.

6       Plaintiff again names the California Department of Corrections and Rehabilitation
7 ("CDCR") as a defendant. The Eleventh Amendment bars suits brought by private parties against
8 a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan,
9 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam); Jackson v. Hayakawa,
10 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional,
11 the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524
12 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974). In the instant case, the
13 State of California has not consented to suit. Accordingly, plaintiff's claims against the CDCR
14 are legally frivolous and should be omitted from any second amended complaint.

15       It is unclear whether plaintiff can allege sufficient facts to demonstrate a cognizable civil
16 rights claim against defendants Beard and Cate. Plaintiff alleges no facts demonstrating that
17 defendants Beard or Cate were aware of the events that took place on October 15, 2011.
18 Moreover, as set forth above, allegations based on a respondeat superior theory are unavailing.

19       Finally, plaintiff fails to allege facts stating a cognizable claim for conspiracy. A
20 conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds
21 to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting
22 United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)
23 (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d
24 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121,
25 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact
26 details of the plan, but each participant must at least share the common objective of the
27 conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).
28 ////

1       The federal system is one of notice pleading, and the court may not apply a heightened
2  pleading standard to plaintiff's allegations of conspiracy.  Empress LLC v. City and County of
3  San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005); Galbraith v. County of Santa Clara, 307 F.3d
4  1119, 1126 (9th Cir. 2002).  However, although accepted as true, the "[f]actual allegations must
5  be [sufficient] to raise a right to relief above the speculative level. . . ."  Bell Atlantic Corp. v.
6  Twombly, 550 U.S. 544, 555 (2007).  A plaintiff must set forth "the grounds of his entitlement to
7  relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the
8  elements of a cause of action. . . ."  Id. (internal quotations and citations omitted); see Ashcroft v.
9  Iqbal, 129 S. Ct. 1937, 1949 (2009).  As such, a bare allegation that defendants conspired to
10 violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under §
11 1983.

12      For all of the above reasons, the court finds the allegations in plaintiff's amended
13 complaint so vague and conclusory that it is unable to determine whether the current action is
14 frivolous or fails to state a claim for relief.  The court has determined that the amended complaint
15 does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the
16 Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the
17 elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649
18 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which
19 defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply
20 with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The
21 court will, however, grant leave to file a second amended complaint.

22      If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how
23 the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or
24 statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended
25 complaint must allege in specific terms how each named defendant is involved.  There can be no
26 liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
27 defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 362; May v. Enomoto, 633
28 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743.  Furthermore, vague and conclusory

1    allegations of official participation in civil rights violations are not sufficient.  <u>Ivey</u>, 673 F.2d at
2    268.
3         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
4    make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
5    complaint be complete in itself without reference to any prior pleading.  This requirement is
6    because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v.</u>
7    <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the
8    original pleading no longer serves any function in the case.  Therefore, in a second amended
9    complaint, as in an original complaint, each claim and the involvement of each defendant must be
10   sufficiently alleged.
11        Finally, plaintiff shall file his second amended complaint on the form provided by the
12   Clerk of Court.  No exhibits are required.  The exhibits previously provided by plaintiff remain
13   part of the court record and may be referred to by any party.  (ECF No. 21 at 17-63.)
14        In accordance with the above, IT IS HEREBY ORDERED that:
15        1. Plaintiff's amended complaint is dismissed.
16        2. Plaintiff is granted thirty days from the date of service of this order to file a second
17   amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules
18   of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the
19   docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff
20   must file an original and two copies of the second amended complaint, and must be filed on the
21   form provided by the Clerk of Court; failure to file a second amended complaint in accordance
22   with this order will result in a recommendation that this action be dismissed.
23        3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights
24   complaint pursuant to 42 U.S.C. § 1983.
25   Dated:  August 26, 2014

27   /orti0617.14b

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE